UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MOSHEH YATENGA,

       **Plaintiff,**

  v.                                        **Civil Action 2:21-cv-5367**
                                                **Judge Sarah D. Morrison**
                                                **Magistrate Judge Chelsey M. Vascura**

**LT. BRANTEL,** *et al.*,

       **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident and former state inmate proceeding without the assistance of counsel, brings this action against several officers of the Madison Correctional Institution under 42 U.S.C. § 1983 alleging that the prison officers failed to protect him from injury, used excessive force, and exhibited deliberate indifference to his medical needs in violation of the Eighth Amendment. (Am. Compl., ECF No. 5.) The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3); accordingly, this matter is before the Court for the initial screen of Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that Plaintiff be permitted to proceed on his Eighth Amendment claims against Defendants Brantel and Householder for failure to protect (arising from Defendants'

placement of Plaintiff in a cell with an inmate with whom Plaintiff had recently had a physical altercation) and for excessive force against Defendant Householder (arising from Householder's application of pepper spray in Plaintiff's cell), and that the Court **DISMISS** Plaintiff's remaining claims pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
>    (i) is frivolous or malicious; [or]
>
>    (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

2

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank,* 727 F.3d at 504 (citations omitted).  Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. FACTUAL BACKGROUND

The relevant facts occurred when Plaintiff was incarcerated at Madison Correctional Institution ("MCI"). On May 14, 2021, Plaintiff and his cellmate, Cochran, had a physical altercation and were taken to the infirmary. (Am. Compl. 3, ECF No. 5.) Defendant Lieutenant Brantel then ordered Defendant Officer Ryan Householder to take Plaintiff and Cochran back to their cell, stating, "[s]ince no officer saw you two actually fight, take yourselves back in the cell and fight it out." (*Id.*) Householder brought Plaintiff and Cochran back to their cell and then uncuffed Cochran first. (*Id.*) Plaintiff alleges that Cochran assaulted him, and then Householder sprayed Plaintiff with pepper spray in his face. (*Id.*) Plaintiff was then re-cuffed and "violently placed in a wrist lock" and escorted to the infirmary by Householder and Defendant Officer Parrett. (*Id.*) During transport to the infirmary, Parrett stated, "[t]his is for jacking on female staff members Yatenga!" (*Id.*) At the infirmary, Plaintiff alleges he was "tortured by being dumped face first in hot water" and "hot water was poured on [his] face and Fox pepper spray was employed through the hot water." (*Id.*) Plaintiff alleges he was then "thrown on steel metal by Officers Householder and Parrett." (*Id.* at 3–4.)

## III. ANALYSIS

The undersigned construes Plaintiff's Amended Complaint to assert the following claims: (1) an Eighth Amendment failure to protect claim, arising from Lieutenant Brantel and Officer Householder's placement of Plaintiff in a cell with an inmate with whom Plaintiff had recently had a physical altercation; (2) an Eighth Amendment excessive force claim arising from (a) Householder's use of pepper spray in Plaintiff's cell, (b) Householder's and Parrett's use of a wristlock while escorting Plaintiff to the infirmary, and (c) unspecified officers' application of hot water and pepper spray to Plaintiff's face in the infirmary; and (3) an Eighth Amendment

4

medical indifference claim arising from delay or lack of medical care to treat the effects of pepper spray.

It is **RECOMMENDED** that Plaintiff be permitted to proceed on his individual-capacity claims for failure to protect and for excessive force arising out of Householder's use of pepper spray in Plaintiff's cell.  The remainder of Plaintiff's Amended Complaint, however, fails to state a claim on which relief can be granted.  The undersigned addresses Plaintiff's remaining claims in turn.

A.  **Excessive Force Arising out of Wristlock During Escort to Infirmary and Application of Hot Water and Pepper Spray in the Infirmary**

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prisoners.  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).  To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component. *Id.* (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir.1993)).

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991).  Yet the seriousness of the injuries is not by itself dispositive. *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).  "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

The subjective component focuses on the state of mind of the prison officials. *Williams*, 631 F.3d at 383.  The "core judicial inquiry" is "whether force was applied in a good-faith effort

5

to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 449 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

Here, any claims that Plaintiff intends to advance arising out of Householder's or Parrett's application of a wristlock while escorting Plaintiff to the infirmary fail to satisfy the objective component. In the absence of allegations that the wristlock caused pain, lasting injury, or was inflicted in a manner "repugnant to the conscience of mankind," this type of *de minimis* use of physical force is "necessarily exclude[d] from constitutional recognition." *Hudson*, 503 U.S. at 9–10 (quoting *Whitley,* 475 U.S. at 327). It is therefore **RECOMMENDED** that this claim be **DISMISSED** pursuant to § 1915(e).

As to Plaintiff's allegations that he was "tortured by being dumped face first in hot water" and "hot water was poured on [his] face and Fox pepper spray was employed through the hot water" (Am. Compl. 3, ECF No. 5), Plaintiff fails to identify the officers who took these actions. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Neither do allegations that an individual defendant "was present and perhaps involved in [the plaintiff's] restraint," without allegations as to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684. Thus, without identifying which individuals took the actions in question, Plaintiff cannot assert a viable

6

claim against any of the Defendants arising out of this conduct. It is therefore

**RECOMMENDED** that this claim be **DISMISSED** pursuant to § 1915(e).

**B.     Medical Indifference**

The undersigned construes Plaintiff's Complaint to advance an Eighth Amendment medical indifference claim arising from delay or lack of medical care to treat the effects of pepper spray. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett*, 414 F. App'x at 787–88; *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

7

> Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). "In examining whether a claimed injury is 'sufficiently serious'" to sustain a claim for deliberate indifference, "courts look to the *effect* of any delay in treatment caused by an officer's inaction." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 274 (6th Cir. 2001) (emphasis in original). Specifically, a plaintiff "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).

Moreover, the effects of pepper spray, standing alone, fail to indicate an objective, "sufficiently serious" medical need giving rise to constitutionally-mandated medical treatment where the inmate has access to soap and water to decontaminate. *See Payne v. Gifford*, No. 1:16-cv-514, 2017 WL 4329631, at *5 (S.D. Ohio Sept. 5, 2017), *adopted*, 2017 WL 431543 (S.D. Ohio Sept. 28, 2017) (finding an absence of a sufficiently serious medical need to treat the effects of pepper spray where the plaintiff was permitted to adequately decontaminate following its use); *see also McDougald v. Esham*, No. 1:16-cv-497, 2018 WL 1010214, at *31-32 (S.D. Ohio Feb. 21, 2018), *adopted*, No. 1:16-cv-514 at ECF No. 78 (S.D. Ohio June 15, 2018) (secondhand contact with OC spray standing alone failed to give rise to a "'sufficiently serious'

8

medical need as required for an Eighth Amendment violation," where the plaintiff had soap and water available in his cell for decontamination).

Here, Plaintiff has failed to allege a serious medical need beyond the normal effects of pepper spray. Nor has he alleged any detrimental physical effect from the delay in or lack of medical care to treat the effects of pepper spray. Therefore, the undersigned concludes that Plaintiff has failed to state a claim for deliberate indifference to serious medical needs arising from the alleged delay in or lack of medical treatment. It is therefore **RECOMMENDED** that this claim be **DISMISSED** pursuant to § 1915(e).

**C.     Official-Capacity Claims**

Plaintiff does not specify whether he intends to sue the Defendants in their individual or official capacities, but to the extent he advances official-capacity claims, they must be dismissed. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted).

None of the three exceptions apply here. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*,

9

491 U.S. at 66). Finally, *Ex Parte Young* does not operate to save Plaintiff's official-capacity claims. The *Ex Parte Young* exception to sovereign immunity allows a plaintiff "to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, regardless of whether compliance might have an ancillary effect on the state treasury." *Boler*, 865 F.3d at 412 (internal quotation marks and citation omitted). The exception applies where the plaintiff alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Applied here, *Ex Parte Young* is inapplicable because Plaintiff does not allege any ongoing violations. (*See* Am. Compl., ECF No. 5.) Moreover, Plaintiff's subsequent release from MCI renders any such claims for prospective injunctive relief moot. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (inmate's request for injunctive relief moot upon transfer from relevant prison); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (same); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). It is therefore **RECOMMENDED** that, to the extent Plaintiff intends to advance claims against Defendants in their official capacities, those claims be **DISMISSED** pursuant to § 1915(e).

## IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his Eighth Amendment claims against Defendants Brantel and Householder for failure to protect (arising from Defendants' placement of Plaintiff in a cell with an inmate with whom Plaintiff had recently had a physical altercation) and for excessive force against Defendant

Householder (arising from Householder's application of pepper spray in Plaintiff's cell), and that the Court **DISMISS** Plaintiff's remaining claims pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

Additionally, because the undersigned already granted Plaintiff's motion for leave to proceed *in forma pauperis* on December 30, 2021 (*see* ECF No. 3), Plaintiff's subsequent motion for leave to proceed *in forma pauperis* (ECF No. 4) is **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE