## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MOSHEH YATENGA,**

       **Plaintiff,**

    v.

**LT. BRANTEL,** *et al.*,

       **Defendants.**

:

      **Case No. 2:21-cv-5367**
      **Judge Sarah D. Morrison**
      **Magistrate Judge Chelsey M.**
      **Vascura**

:

## **ORDER**

Plaintiff Mosheh Yatenga is an Ohio resident proceeding without assistance of counsel. (ECF No. 6.) Mr. Yatenga was formerly incarcerated at Madison Correctional Institution ("MCI"). (*Id*.) Through this suit, he alleges that Defendants—several members of MCI staff—violated his rights secured by the Eighth Amendment. (*Id*.)

After performing an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge issued a Report and Recommendation (ECF No. 7) recommending that the Court permit Mr. Yatenga to proceed on his Eighth Amendment claims against Defendants Lt. Brantel and Officer Ryan Householder (failure to protect based on placing Mr. Yatenga in a cell with an inmate with whom he had just had a physical altercation) and against Officer Householder (excessive force based on the use of pepper spray in Mr. Yatenga's cell), and that the Court

dismiss all other claims set forth in the Complaint for failure to state a claim upon which relief may be granted. (*Id.*)

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Yatenga timely filed the following objection to the Report and Recommendation:

> I am humbly coming pro se asking the Court to grant this motion of objection to my claim be dismissed based on 1915(e) because I did state several valid claims in which relief should be granted. I sincerely informed the Court that LT. Brantel and Officer Householder both violated by 8th Amendment rights by ordering me back into harms way with inmate Cochran acting in their individual and official capacities. Based on this reason alone, I have no choice but to put in this motion to object to the magistrates reports and recommendations to dismiss pursuant to 1915(e).

(ECF No. 8 (reproduced as written).)

The Magistrate Judge recommended that Mr. Yatenga be **permitted to proceed** with his failure to protect claim against Lt. Brantel and Officer Householder in their individual capacities. (*See* ECF No. 7.) Accordingly, the Court interprets Mr. Yatenga's objection as pertaining only to the Magistrate Judge's recommendation that his official-capacity claims against Lt. Brantel and Officer Householder by dismissed. On that point, the Magistrate Judge reasoned:

The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted).

None of the three exceptions apply here. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Finally, *Ex Parte Young* does not operate to save Plaintiff's official-capacity claims. The *Ex Parte Young* exception to sovereign immunity allows a plaintiff "to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, regardless of whether compliance might have an ancillary effect on the state treasury." *Boler*, 865 F.3d at 412 (internal quotation marks and citation omitted). The exception applies where the plaintiff alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Applied here, *Ex Parte Young* is inapplicable because Plaintiff does not allege any ongoing violations. (See Am. Compl., ECF No. 5.) Moreover, Plaintiff's subsequent release from MCI renders any such claims for prospective injunctive relief moot. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (inmate's request for injunctive relief moot upon transfer from relevant prison); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (same); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same).

(*Id.*, 9–10.)

3

The Court sees no error in the Magistrate Judge's reasoning. Although Lt. Brantel and Officer Householder may have been acting in their official capacities when they engaged in the alleged conduct, Mr. Yatenga cannot bring an official-capacity claim without alleging or arguing that an exception to sovereign immunity applies. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.") (internal citation omitted). Accordingly, the official-capacity claims against Lt. Brantel and Officer Householder cannot proceed.

Mr. Yatenga's objection (ECF No. 8) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 7). Mr. Yatenga <u>may proceed</u> on his Eighth Amendment claims against Lieutenant Brantel and Officer Householder (failure to protect) and Officer Householder (excessive force). The balance of Mr. Yatenga's claims are **DISMISSED**.

       **IT IS SO ORDERED.**

                           /s/ Sarah D. Morrison
                           **SARAH D. MORRISON**
                           **UNITED STATES DISTRICT JUDGE**